UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD G. SHAW,

            Plaintiff,

Case No. 06-14260

v.

District Judge Nancy G. Edmunds
Magistrate Judge R. Steven Whalen

TEAMSTERS LOCAL 337,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

Before the Court are Defendant's *Motion to Dismiss* [Docket #15] pursuant to Fed. R. Civ. P. 37 and Defendant's Motion for Summary Judgment [Docket #16], filed on April 25, 2007 and April 27, 2007 respectively, which have been referred for Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B). For the reasons set forth below, I recommend that Defendant's motion for dismissal because of Plaintiff's discovery violations be DENIED as moot. I recommend further that Defendant's Motion for Summary Judgment be GRANTED.

    **I.**    **FACTUAL AND PROCEDURAL BACKGROUND**

This *pro se* Plaintiff began working at Serra Brothers, Inc., a wholesale produce dealer, in May, 2003 and was hired as a regular employee in October, 2003, at which time he became a member of the Teamsters Local 337 Union ("Union"). *Complaint* at ¶1.

Plaintiff acknowledges that he did not show up for his usual 1:00 to 9:00 a.m. shift on April 12, 2005 and was issued a letter the same day entitled "Unexcused Absence," informing him that he would be suspended without pay for three days "if this happens again." *Docket #21*, pgs. 2, 23 of 47, Appendix 1. The next day, Plaintiff arrived at work two hours late (approximately 3:00 a.m.) and was given a three-day work suspension. *Docket #15-6*, pg. 38 of 96, Appendix 8. The same notification, entitled "Re: unexcused/tardy," noted that Plaintiff had received multiple verbal warnings as well as the April 12, 2005 written warning, and informed him that "if this happens again your employment will be terminated." *Id.* On April 16, 2005, Plaintiff filed a grievance with the Union on April 16, 2005, alleging that contrary to the terms of the Collective Bargaining Agreement ("CBA"), Serra Brothers failed to issue a written warning before suspending him. *Complaint,* ¶2. On May 24, 2005, the Union held a grievance hearing, determining that Plaintiff's grievance should not be submitted to arbitration. *Id.* at ¶2; *Docket #15-6*, pg. 50 of 96, Appendix 13; *Docket #16*, Exhibit A, ¶32. On June 15, 2005, Serra Brothers discharged Plaintiff for poor attendance. *Docket #15-6*, pg. 40 of 96, Appendix 9.[1] Plaintiff filed a second grievance with the Union

---

[1] On the same day he filed the present complaint, Plaintiff filed a separate suit, still pending, against Serra Brothers. Case No. 06-14259. These claims *could* be consolidated. Pursuant 29 U.S.C. § 185(a), "[a] hybrid § 301 suit implicates the interrelationship among a union member, his union, and his employer." *Vencl v. International Union of Operating Engineers, Local 18 137,* F.3d 420, 424 (6th Cir. 1998); *White v. Anchor Motor Freight, Inc.*, 899 F.2d 555, 561 (6th Cir.1990). However, "[f]ederal courts have jurisdiction to hear fair representation suits whether or not they are accompanied by claims against employers." *Breininger v. Sheet Metal Workers Intern. Ass'n Local Union No. 6,* 493 U.S. 67, 83, 110 S.Ct. 424, 434, 107 L.Ed.2d 388 (U.S. 1989). "[A] suit against the union need not be accompanied by an allegation that an employer breached the contract, since whatever the employer's liability, the employee would still retain a legal claim against the union." *Id. See*

on July 12, 2005, alleging that his former employer owed him *pro rata* vacation and sick day pay. *Complaint* at ¶3. At a September 27, 2005 grievance hearing, Serra Brothers provided documentation showing that Plaintiff had received all vacation pay to which he was entitled under the CBA, as well as proof that the company had advanced sick day pay which had not yet been earned at the time of his discharge. *Docket #15-6,* pgs. 69, 94 of 96, Appendixes 22, 29; *Docket #16*, Exhibit A, ¶¶40-41. On October 4, 2005, the Union determined that the grievance should not be submitted to arbitration. *Docket #15-6,* pg. 58 0f 96, Appendix 17.[2]

Plaintiff contends that he is entitled to the arbitration of his grievances, citing Article V of the CBA which states that "[t]he arbitrator will have the sole power and jurisdiction to determine whether or not a particular grievance, dispute or complaint is arbitrable under the terms of this agreement." *Complaint* at ¶2. Seeking monetary damages, Plaintiff also alleges racial discrimination and violations of his due process rights pursuant to 42 U.S.C. §§1981, 1983, and 1985.

## II. STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." Rule 12(b) also provides that if, on consideration of a motion under paragraph (6), "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary

---

*also Pratt v. United Auto., Aerospace and Agr. Implement Workers of America, Local 1435,* 939 F.2d 385, 390 (6th Cir. 1991).

[2]On November 17, 2006, Equal Employment opportunity Commission issued a "Right to Sue" notice at Plaintiff's request. *Docket #15-6*, pg. 26 of 96, Appendix 2.

judgment and disposed of as provided in Rule 56 (summary judgment)." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

In *Bell Atlantic Corp. V. Twombley*,—U.S.—, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Supreme Court set forth what a plaintiff must plead in order to survive a Rule 12(b)(6) motion. The Court held that although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true." *Id.*, 127 S.Ct. at 1964-65 (internal citations and quotation marks omitted). Further, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (Internal citations and quotation marks omitted). *See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio* 502 F.3d 545, 548 (6th Cir. 2007). Stated differently, a complaint must "state a claim to relief that is *plausible* on its face." *Bell Atlantic*, at 1974 (emphasis added).

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). To prevail on a motion for summary judgment, the non-moving party must show sufficient evidence to create a genuine issue of material fact.

*Klepper v. First American Bank*, 916 F.2d 337, 341-42 (6th Cir. 1990). Drawing all reasonable inferences in favor of the non-moving party, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celetox Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact, and summary judgment is appropriate. *Simmons-Harris v. Zelman*, 234 F.3d 945, 951 (6th Cir. 2000).

Once the moving party in a summary judgment motion identifies portions of the record which demonstrate the absence of a genuine dispute over material facts, the opposing party may not then "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact," but must make an affirmative evidentiary showing to defeat the motion. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). The non-moving party must identify specific facts in affidavits, depositions or other factual material showing "evidence on which the jury could *reasonably* find for the plaintiff." *Anderson*, 477 U.S. at 252 (emphasis added). If, after sufficient opportunity for discovery, the non-moving party cannot meet that burden, summary judgment is clearly proper. *Celotex Corp.*, 477 U.S. at 322-23.

# III. ANALYSIS
## A. Dismissal Pursuant to Fed. R. Civ. P. 37 [Docket #15]

As discussed below, Plaintiff's claims are subject to dismissal as a matter of law, thus mooting Defendant's motion for dismissal under Rule 37. However, in the event the district court denies Defendant's summary judgment motion, the motion to dismiss on the basis of Plaintiff's discovery violations should be denied.

Rule 37(b) provides for sanctions where a party fails to comply with a court order regarding discovery, including, under Rule 37(b)(2)( C ), dismissal where it is the plaintiff who has been disobedient. In this case, the Plaintiff's alleged malfeasance did not involve a discovery order, but rather the failure to respond to Defendant's discovery requests and show up for a deposition. By its terms, therefore, Rule 37 would not seem to apply to the instant situation. However, even if it did, Defendant would not be entitled to a dismissal.

A motion for sanctions under this Rule is addressed to the Court's discretion. *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976); *Regional Refuse Systems, Inc. V. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th cir. 1988). The Court's discretion is informed by the four-part test described in *Harmon v. CSX Transportation, Inc.*, 110 F.3d 364, 366-67 (6th Cir. 1997): (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed or defaulted party was warned that failure to cooperate could lead to dismissal or entry of default judgment; and (4) whether less drastic sanctions were imposed or considered before

dismissal or default judgment was ordered. *See also Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990). Under this formulation, because this *pro se* Plaintiff has not yet disobeyed a court order or even been admonished as to his failure to cooperate, the sanction of dismissal is inappropriately harsh.[3]

### B. Summary Judgment

Defendant contends that Plaintiff's claim that he is entitled to arbitration of his April 16, and July 12, 2005 grievances is based on an erroneous reading of the CBA's statement that "[t]he arbitrator will have the sole and exclusive power and jurisdiction to determine whether or not a particular grievance, dispute or complaint is arbitrable under the terms of this Agreement . . ." *Docket #16* at 11; citing to CBA at Article V, §2 D. Defendant points out that the above language refers to a grievance for which either the Union or employer has already requested arbitration. *Id.* Defendant notes that section cited above is prefaced by the following statement:

> "In the event the last step fails to settle the complaint, it will be referred to arbitration upon the request of either the Union or the Employer. The President and/or Executive Board of the Local Union will have the right to determine whether or not the grievance is qualified to be submitted for arbitration by the Union."

---

[3] However, in the event the district court denies Defendant's Motion for Summary Judgment, this Court would grant Defendant's alternative request for an order compelling discovery, including initial disclosure required by Fed. R. Civ. P. 26, November 22, 2006 document requests, answers to Defendant's First Requests for Identification, Description and Production of Documents, answers to Defendant's Second Set of Interrogatories and Requests to Product, and Plaintiff's deposition, but denying Defendant's request for attorneys' fees and costs. *Docket #15* at 12.

*Id.*; Article V, §2.

Plaintiff's claim that the Union was required to submit his grievances to arbitration is construed as a breach of the Union's duty of fair representation. *Vaca v. Sipes,* 386 U.S. 171, 177, 87 S.Ct. 903, 909 17 L.Ed.2d 842 (1967). Under *Vaca*, a "breach of the statutory duty of fair representation occurs only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." *Id.* at 190, 918. "This occurs when the union's behavior is so far outside of a wide range of reasonableness that it is wholly irrational or arbitrary." *White v. Detroit Edison Co.* 400 F.Supp.2d 1020, 1026 (E.D.Mich.,2005)(Gadola, J.); *Air Line Pilots Assoc. v. O'Neill,* 499 U.S. 65, 78, 111 S.Ct. 1127, 113 L.Ed.2d 51 (1991)(internal citations omitted). "A union's conduct may be sufficiently arbitrary to establish a breach of its duty to fairly represent its members when it handles a grievance in a 'perfunctory' manner, with caprice or without rational explanation." *Poole v. Budd Co.,* 706 F.2d 181, 183 (6th Cir. 1983) *citing* to *Vaca* at 194, 918.

Contrary to Plaintiff's belief, the CBA at issue clearly states that either the employer or Union "have the right to determine" whether a grievance is arbitrable. Pursuant to *Vaca*, Plaintiff must establish that the Union's decision to deny arbitration was arbitrary, discriminatory, or in bad faith. *See also Damphousse v. Great Lakes Steel,* 219 F.Supp.2d 833, 843 -844 (E.D.Mich.,2002)(Steeh, J.).

### 1. The April 16, 2005 Grievance

Plaintiff cannot establish that the Union's June 1, 2005 decision to deny arbitration

of the April 13, 2005 suspension was wholly irrational. *Docket #15-6*, pg. 50 of 96, Appendix 13. Contrary to Plaintiff's grievance statement that he had not received a written warning before his three-day suspension, Serra Brothers presented evidence at the May 24, 2007 hearing that a written warning had been issued prior to the suspension. *Docket #15-6*, pg. 38 of 96, Appendix 8; *Docket #16*, Exhibit A, *Affidavit of Michael Townsend* at ¶30. Although Plaintiff now argues that the written warning issued on April 12, 2005 alluded to a pattern of no-shows rather than tardiness (thus failing to place him on notice that he would be suspended for *tardiness*), his April 16, 2007 grievance, alleging only that he had not received a written warning, does not make such a distinction. Moreover, although Plaintiff alleges that his 3:00 a.m. arrival on April 13, was due to a power outage, his April 16 grievance did not provide reasons for his attendance problems on either April 12 or 13. Instead, the April 16 grievance claimed only that he did not receive written warning prior to his suspension - an allegation easily refuted by Serra Brothers. *Docket #15-6*, pgs. 38, 42 of 96, Appendixes 8, 10. Despite Plaintiff's present argument that his April 13, 2005 arrival at approximately 3:00 a.m. for his 1:00 to 9:00 a.m. shift should be construed as a "tardy" rather "no-show" violation, he acknowledges that he did not contact his employer until 2:30 a.m. *Docket #21* at 2.[4] Given the facts presented at the May, 2005 grievance hearing, the

---

[4] Plaintiff's argument that the "no-show" warning did not put him on notice for his tardiness suspension also founders on his employer's "Work Rules and Regulations" which state simply that "[e]mployees must be in their assigned places and ready for work at their designated starting time, including rest periods," followed by a list of progressively severe adverse actions for repeated violations of the attendance policy. *Docket #18*, pgs. 30 of 46. Further, the penalties for "absenteeism" and "tardiness" are listed under one heading, indicating that a first violation (for either) would result in a verbal warning; second violation,

Union's June 1, 2005 denial of arbitration was not unreasonable.

### 2. The July 12, 2005 Grievance

Likewise, the Union's October 4, 2005 decision not to arbitrate Plaintiff's grievance that he was entitled to two weeks of vacation time pay is not unreasonable. At the September 27, 2005 hearing, Serra Brothers presented documentation showing that contrary to Plaintiff's assertion that he had been a regular employee since May 17, 2003, he did not move from "summer help" to regular employee status until October, 2003. *Docket #15-6*, pg. 68 of 96, Appendix 22. The Union found that pursuant to Schedule "A" of the CBA, a Serra Brother's employee was not entitled to two weeks of vacation until completing two years as a regular employee. *Docket #15-6*, pg. 20 of 96, Appendix 1. Moreover, because Plaintiff was discharged after completing only 31 of 52 weeks of his second year of employment, the Union found that he was eligible for only a pro rata amount reflecting the uncompleted year. *Id.* at 21 of 96. Further, the Union found that Plaintiff's entitlement to unused vacation day pay was reduced by the fact that he had already received a week of paid vacation in January, 2005. *Docket #15-6*, pg. 69 of 96, Appendix 22. Finally, Serra Brothers submitted documentation showing that it had advanced Plaintiff funds in the form of sick day pay that had not yet been earned, reasonably allowing the Union to conclude that Plaintiff had been *overpaid* by $280 at the time of his discharge.[5] *Id.* pgs. 69, 94-96 of 96, Appendixes 22, 29.

---

a reprimand; and third, a five-day suspension; and fourth, discharge. *Id.* at pg. 31 of 46.

[5]Defendant states that in a state court action by Plaintiff for recovery of wages against Serra Brothers, the court found that he had in fact been overpaid by Serra Brothers. *Docket #15*, 5.

### 3. Civil Right Claims/Due Process

Finally, Plaintiff's claim that the Union's decision to deny arbitration because of racial should be dismissed.[6] To establish liability under 42 U.S.C. §1981, a claimant must show that "a defendant engaged in purposeful or intentional discrimination." *Cooper v. City of North Olmsted*, 795 F.2d 1265, *1270 (6th Cir. 1986); *See General Building Contractors Ass'n v. Pennsylvania,* 458 U.S. 375, 102 S.Ct. 3141, 73 L.Ed.2d 835 (1982). Here, the complaint states that the Union denied Plaintiff request for arbitration on the basis of race, but fails to include any factual allegations supporting this claim. *See Bell Atlantic, supra*. Further, "[w]here plaintiff presents no direct or circumstantial evidence of intentional discrimination in support, summary judgment is appropriate." *Riley v. Communications Workers of America,* 1987 WL 46777, *1 (E.D.Mich. 1987); *Murray v. Thistledown Racing Club, Inc.,* 770 F.2d 63, 69 (6th Cir.1985). Plaintiff's due process claims are likewise dismissible. *See Coleman v. General Mills,* 1994 WL 696116, *2 (6th Cir. 1994) (Coleman's claim that "his union deprived him of due process" in denying arbitration failed in light of the finding that the union did not breach its duty of fair representation.) Accordingly, Plaintiff's failure to establish that the Union breached its duty defeats his due process allegations.

### IV. CONCLUSION

For the reasons set forth above, I recommend that Defendant's Motion to Dismiss

---

[6]Plaintiff's allegations of civil rights violations under 42 U.S.C §§1983 and 1985, which would require the involvement of a state actor and a conspiracy to interfere with his civil rights, respectively, are inapplicable here.

pursuant to Fed. R. Civ. P. 37 [Docket #15] be DENIED as moot, and that Defendant's Motion for Summary Judgment [Docket #16] be GRANTED, dismissing the case.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v Walters,* 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                s/R. Steven Whalen
                                                UNITED STATES MAGISTRATE JUDGE

Dated:  December 28, 2007

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on December 28, 2007.

<u>s/Susan Jefferson</u>
Case Manager